23-7286
Rivera-Guashco v. Blanche

BIA
Reid, IJ
A220 592 377/378/379

# UNITED STATES COURT OF APPEALS
## FOR THE SECOND CIRCUIT

# <u>SUMMARY ORDER</u>

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 31st day of July, two thousand twenty-six.

PRESENT:
　　　　REENA RAGGI,
　　　　JOSEPH F. BIANCO,
　　　　MARIA ARAÚJO KAHN,
　　　　　　*Circuit Judges.*
_____

CHRISTIAN FERNANDO RIVERA-GUASHCO, NUBE GABRIELA DELGADO-MUNOZ, K.F.R.D.,
　　　　*Petitioners,*

　　　　v.                                                    **23-7286**
                                                             **NAC**

TODD BLANCHE, ACTING UNITED STATES ATTORNEY GENERAL, UNITED STATES ATTORNEY GENERAL,
　　　　*Respondent.*
_____

**FOR PETITIONERS:** Christian Rivera Guashco, pro se, Mamaroneck, NY.

**FOR RESPONDENT:** Brian Boynton, Principal Deputy Assistant Attorney General; Jennifer Khouri, Senior Litigation Counsel; Allison Frayer, Senior Attorney, Office of Immigration Litigation, United States Department of Justice, Washington, DC.

UPON DUE CONSIDERATION of this petition for review of a Board of Immigration Appeals ("BIA") decision, it is hereby ORDERED, ADJUDGED, AND DECREED that the petition for review is DENIED.

Petitioners Christian Fernando Rivera-Guashco, Nube Gabriela Delgado-Munoz, and their minor child, natives and citizens of Ecuador, seek review of a September 11, 2023 decision of the BIA affirming an August 1, 2022 decision of an Immigration Judge ("IJ") denying Rivera-Guashco's application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").[1]  *In re Rivera-Guashco*, Nos. A 220 592 377/378/379 (B.I.A. Sept. 11, 2023), *aff'g* Nos. A 220 592 377/378/379 (Immig. Ct. N.Y. City Aug. 1, 2022).   We assume the parties' familiarity with the underlying facts and procedural history.

---

[1] We principally refer to Rivera-Guashco because his wife and child did not file independent applications.

2

We have reviewed the IJ's decision as modified and supplemented by the BIA, that is, limited to the ground for the denial of relief on which the BIA relied—the IJ's finding that Rivera-Guashco's proposed particular social group was not cognizable—and considering the BIA's conclusion that Rivera-Guashco waived his CAT claim. *See Xue Hong Yang v. U.S. Dep't of Just.*, 426 F.3d 520, 522 (2d Cir. 2005); *Yan Chen v. Gonzales*, 417 F.3d 268, 271 (2d Cir. 2005). Contrary to Rivera-Guashco's position, the BIA did not adopt the IJ's decision in its entirety. Instead, for asylum and withholding of removal, it stated that it was affirming for "one of the reasons" given by the IJ, addressed only the IJ's particular social group finding, and explicitly declined to consider other issues because the social group finding was dispositive. The BIA further deemed Rivera-Guashco's CAT claim waived without reaching the IJ's reasoning.[2] We review fact-finding "under the substantial evidence standard," and we review questions of law and the application of law to fact de novo. *Hong Fei Gao v. Sessions*, 891 F.3d 67, 76 (2d Cir.

---

[2] Rivera-Guashco's arguments about the IJ's other grounds for denying asylum and withholding of removal are misplaced because the BIA did not—and was not required to—reach them. *See Xue Hong Yang*, 426 F.3d at 522; *INS v. Bagamasbad*, 429 U.S. 24, 25 (1976) ("As a general rule courts and agencies are not required to make findings on issues the decision of which is unnecessary to the results they reach.").

2018). "[T]he administrative findings of fact are conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B). "We . . . liberally construe submissions by *pro se* litigants as raising the strongest arguments they suggest."[3] *Cheng v. United States*, 132 F.4th 655, 658 (2d Cir. 2025).

To establish eligibility for asylum or withholding of removal, Rivera-Guashco had to show past persecution or a fear of future persecution and that "race, religion, nationality, membership in a particular social group, or political opinion was or will be at least one central reason for" that persecution. 8 U.S.C. § 1158(b)(1)(B)(i); *see also id.* § 1231(b)(3)(A); 8 C.F.R. §§ 1208.13(b), 1208.16(b); *Quituizaca v. Garland*, 52 F.4th 103, 109–14 (2d Cir. 2022) (holding that one-central-reason nexus standard for asylum also applies to withholding of removal). To prevail on a particular social group claim, an applicant must also establish that the proposed group is cognizable, which requires a showing that members of the group share "a common immutable characteristic," that the group is "defined with particularity," and that it is "socially distinct within the society in question."

[3] Contrary to the Government's position, liberal construction is warranted here because the petitioners lacked assistance in adapting their counseled brief to the BIA for this Court and in developing arguments in response to the BIA's decision.

*Paloka v. Holder*, 762 F.3d 191, 196 (2d Cir. 2014) (quoting *Matter of M–E–V–G–*, 26 I. & N. Dec. 227, 237 (B.I.A. 2014)). A group "is socially distinct if the people of a given society would perceive [the] proposed group as sufficiently separate or distinct." *Quintanilla-Mejia v. Garland*, 3 F.4th 569, 588 (2d Cir. 2021) (quotation marks omitted). A persecutor's perception may be relevant to that inquiry, but "a persecutor's perception alone is not enough, by itself, to establish a cognizable social group." *Id.* (quotation marks omitted).

Neither the country conditions evidence nor Rivera-Guashco's testimony speaks to whether Ecuadorian society as a whole views his proposed particular social group of "tradespeople who refuse to provide free services to gang members" as socially distinct. *See Jian Hui Shao v. Mukasey*, 546 F.3d 138, 157–58 (2d Cir. 2008) ("[W]hen a petitioner bears the burden of proof, his failure to adduce evidence can itself constitute the 'substantial evidence' necessary to support the agency's challenged decision."). Rivera-Guashco alleged that the gang viewed him as a person who opposed it, but as noted above, a persecutor's perception of a group is insufficient to establish social distinction. *See Quintanilla-Mejia*, 3 F.4th at 588–89. Moreover, that perception speaks to the ordinary criminal motivation of compelling victims to comply with demands: "When the harm visited upon

members of a group is attributable to the incentives presented to ordinary criminals rather than to persecution, the scales are tipped away from considering those people a 'particular social group' within the meaning of the [Immigration and Nationality Act]." *Ucelo-Gomez v. Mukasey*, 509 F.3d 70, 73 (2d Cir. 2007).

Rivera-Guashco argues that social distinction is established by his job title, but even if it were the case that "tradespeople," or people who repair cars, are recognized as a distinct group in Ecuador, that is not the group that Rivera-Guashco proffered to the agency. *See Matter of W-Y-C- & H-O-B-*, 27 I. & N. Dec. 189, 191–92 (B.I.A. 2018) (requiring asylum applicants to articulate "the exact delineation" of each proposed social group to the IJ in the first instance). And he does not explain how the record shows that the subset of such a group proffered to the agency, *i.e.,* tradespeople *who refuse to do free work for gangs*, is viewed as distinct from the general community. That group could encompass a large and diffuse portion of society, including people in very different trades and circumstances, and it is not self-evident that Ecuadorian society perceives such people as a distinct group. Rivera-Guashco otherwise argues generally that the agency failed to provide sufficient analysis of his individual circumstances, but he does not identify evidence that was not discussed and that might support a

different outcome. Thus, we identify no error in the agency's rejection of Rivera-Guashco's social-group persecution.

Finally, the BIA found that Rivera-Guashco waived his CAT claim by failing to address it in his brief appealing the IJ decision. In his brief to this court, Rivera-Guashco does not challenge either the waiver finding or the IJ's conclusion that he failed to establish a likelihood of torture by or with the acquiescence of the government, and his CAT claim is thus both unexhausted and abandoned. *See Vera Punin v. Garland*, 108 F.4th 114, 124 (2d Cir. 2024) ("[W]hen an argument made to this Court cannot be closely matched up with a specific argument made to the BIA, it has not been properly exhausted and we cannot hear it."); *Debique v. Garland*, 58 F.4th 676, 684 (2d Cir. 2023) ("We consider abandoned any claims not adequately presented in an appellant's brief, and an appellant's failure to make legal or factual arguments constitutes abandonment." (quotation marks omitted)); *Prabhudial v. Holder*, 780 F.3d 553, 555–56 (2d Cir. 2015) (holding that, when the BIA "properly applies its own waiver rule" and deems an issue waived, "this Court's review is limited to whether the BIA erred in deeming the argument waived").

For the foregoing reasons, the petition for review is DENIED.   All pending

motions and applications are DENIED and stays VACATED.

FOR THE COURT:
Catherine O'Hagan Wolfe,
Clerk of Court